Good morning, may it please the court. My name is Genevieve Kovacs, attorney on behalf of the petitioner. I would like to reserve two minutes for rebuttal. You may, but that's the entire time, so you'll have to help keep track of it. The principal question in this case is whether the BIA erred when it held the petitioner's conviction for possession of a controlled substance did not fall within the scope of the Federal First Offender Act, FFOA. In reaching this decision, the BIA addressed three issues. First, the board alleged that the petitioner did not complete his diversion program and thus should not be eligible under the FFOA. The fact is that the petitioner didn't get the benefit of the diversion program. How do you get around the statutory language? It says twice under 18 U.S.C. section 3607A.2 that the person must not have violated a condition of his probation. And in your client's case, a condition of his probation was to attend drug treatment school. Actually, Your Honor, he was sentenced under California statute section 1000. No, no, no, that's not my question. The issue that we have to decide is would he have qualified for treatment under the Federal First Offender Act. And I just read you the statutory language to qualify under the FFOA. And the issue that it seems we have to decide is, given the fact that he did violate a condition of his probation, how could he have qualified? Had he been sentenced under a Federal first time drug possession? Our position is that he, at the time it was deferred entry, he was not actually given probation. But it was a condition of his, I don't know what you call it under California law, but one of the conditions that he was supposed to complete was going to drug school. And he didn't complete that. Yes, however, California law was different then, so the criminal plea was never entered. So his guilty plea was not entered until 2001. It doesn't matter. What we're doing here, as I understand the law, correct me if I'm wrong, but as I understand the law, what we do is we take the facts as they existed at the time of the California conviction or California proceeding. And we ask, had this defendant been treated under the Federal First Offender Act, would he have qualified for Federal First Offender treatment? And the problem, as I read the Federal statute, is the answer is no. Well, I would argue that part of the reasoning behind the Federal First Offender Act is one bite at the apple. That it's a one, a person can be arrested one time, one opportunity to complete the terms. And in this case, when the conviction was entered, he successfully completed the probation. But you're not answering Judge Tallman's question. The Federal statute refers to probation. Are you contending that the defendant, the petitioner here, had no probation under state law? Right. And I believe, because I believe back then it was very informal. I don't know the details of what he was. What was it if it wasn't probation? I think either it's reporting to some sort of drug. Well, that's probation, isn't it? Are we supposed to construe the meaning of probation based upon how California designates it in terms of its nomenclature? Or do we do it based upon Federal law? Well, I believe that in this case, he wasn't sentenced to traditional what is probation. And in fact, it wasn't deemed to be a conviction until 2001. Let me see if I can come at the question a different way. Assume, hypothetically, that your client had done exactly what the judge in California ordered him to do. And he did show up as ordered, and he did complete the treatment. He would qualify, under my hypothetical, for Federal first offender treatment, would he not? Yes. Because there would have been no violation. That's correct, Your Honor. And that's the problem that we have with the factual record here. Unfortunately, your client didn't do that. He failed to abide by what the California judge ordered him to do. And in the Federal first offender statutory scheme, if you violate a condition that is imposed upon you, in the Federal system we call it probation, then you don't qualify later down the road under Federal first offender statute. That's how I see the case. Okay. Well, I would argue that under the Federal first offender act, there are two ways to successfully do rehabilitation or to qualify under the act. And so one is deferred entry of judgment, where the person completes everything and the judgment is never entered. The other is where it's set aside or vacated. And in this case, the petitioner did satisfy. That's not what the Federal statute says, though, is it? Well, under Lujan, that's how it – the argument in Lujan is that either one of those is – would be acceptable. But what you're trying to do – I think you've got this analyzed incorrectly. I think what you're trying to do is to use the characterization of what happened to this particular offense under California law and then read it back retroactively and say that we have to give full faith and credit to whatever California calls it. And that's not what our case law says. Our case law says because of the differences in nomenclature from one state to another, we look at the record and we ask ourselves, with this set of facts, would this defendant have qualified, had he been prosecuted initially in Federal court for the drug offense? And that's the question that we ask under the Federal First Offender Act, without regard to what California subsequently did or whether they call it expungement, vacation, deferral, set-aside, diversion. I'm sure I've missed two or three other terms. Well, but the fact remains that he has a one-time arrest for possession, and when he was sentenced to 90 days in jail and three years probation, he successfully completed that. Are there any further questions? All right, thank you. You can reserve your rest of your time. We'll hear from the governor. Good morning. May it please the Court, my name is Amy Fredrickson, and I represent the government. The facts of this case are not in dispute. It is not disputed that the petitioner is removable, nor is it disputed that he has a conviction under California law for possession of cocaine, that he was required to complete drug classes, which he failed to do, was subsequently sentenced to 90 days in jail plus three years of probation, and that he had his conviction then set aside under California law pursuant to a rehabilitation statute. The question is whether that conviction remains valid for immigration purposes. Because the conviction would not have been eligible for treatment under the Federal First Offender Act, it thus remains valid for immigration purposes. Under this Court's case law, it's clear that the question is not whether the conviction was vacated, but whether the conviction would have been eligible for treatment under the Federal First Offender Act. The Federal First Offender Act requires that for the conviction to be deferred or vacated, that someone be found guilty of simple possession, have no prior controlled substance convictions, have not previously received Federal First Offender Act treatment, and then states that the court may put the person on probation for not more than one year, and may subsequently dismiss the charges if the person has not violated a condition of his probation. In this particular case, first, the original sentence that the petitioner received required him to attend drug classes, which he did not do. Because he violated a condition of his probation or the terms of his sentence, he would not be eligible for treatment. What happened to him as a result of not completing it? He was later picked up on charges, on DUI charges, and when they realized that his conviction had not been entered and that he had not completed the terms of his probation, a guilty plea was then entered. He was sentenced to three years of probation plus 90 days in jail. And after that three years of probation was up, he petitioned the court to vacate his conviction, and his conviction was then vacated. His conviction was originally deferred. And then when he failed to fulfill the requirements, then the conviction was entered. Well, when did that happen in relation to the immigration proceedings? His offense occurred in 1995. The conviction was entered in 2001. He was placed in proceedings in, I think it was in 2003, and the immigration judge put the proceedings off multiple times. His conviction was finally vacated in 2004. So he was already in proceedings when his conviction was vacated. But the actual term of the probation had expired by the time that he entered the guilty plea. Yes. So that seems to be where we're hung up. Yes. However, under Petitioner's reading of the statute, the Petitioner seems to suggest that the sentence received is procedural rather than substantive, because the Federal First Offender Act also requires, in addition to the fact that they complete their probation, that the court cannot sentence the person to more than one year of probation. And in this case, he was sentenced to three years of probation plus 90 days in jail. This court has acknowledged that the Federal First Offender Act is for the least serious offenders, and we know how serious the crime is based on the length of the sentence received. And in this case, he was sentenced to three years of probation, which exceeds the one-year requirement under the Federal First Offender Act. The DUI was actually out of an accident producing great bodily injury, is that correct? The DUI event, DHS did not charge him related to the DUI. No, no, no, no, no, I understand that. But the reason that, I mean, normally DUI is like a day or two days in jail, but the fact that he got 90 days, it was a more serious DUI than run-of-the-mill DUI. Well, the 90 days was specifically for his drug offense. It was just the state became aware when he was arrested for the DUI, that's when the state became aware that a judgment had not been entered for the 1995 arrest and conviction. So in this case, because he was sentenced to that 90 days in jail, in addition to the three years of probation, that exceeds the sentence that's permissible under the Federal First Offender Act. The Federal First Offender Act requires that no more than one-year defenders, and requires that the person successfully complete their probation in order for the conviction to be vacated, and in order for them to then receive the benefit that that conviction is erased. And because this particular conviction would not qualify for the Federal First Offender Act because his sentence was too long when he was finally sentenced, and additionally because he did not originally complete his drug classes, the petitioner is not eligible for a Federal First Offender Act treatment. How did he manage to get his conviction expunged in 2004? He petitioned the court pursuant to California state law, and that law provides for convictions to be expunged for a number of different reasons. The statute is not similar to the Federal First Offender Act, but that's not relevant under whether the statute under which the conviction was expunged is similar. It's not relevant to the statute. I understand that. I'm just curious as to how he qualified to get it expunged. He petitioned the court. On what ground? That he had completed his three years of probation and that justice demanded that the conviction be expunged. And, of course, at that point he was already in immigration proceedings. This is not the first time that we've seen somebody have their state conviction expunged after proceedings have been initiated. Right. No, but it was expunged because the term of the probation had been completed. Yes, because the term of the probation had been completed. And the question of whether proceedings had been started wouldn't be relevant if his conviction would have qualified under the terms of the Federal First Offender Act. But, unfortunately, it doesn't. And, as a result, he... Because he didn't complete the term of his probation, because he didn't finish the classes, which you found out after the term had expired and just before he got it expunged because he had completed the probation. Uh-huh. Yes. Exactly. Unless the court has any more questions. Do we have any case remotely like this? Not really. He has three citizen children. Yes. The other cases where the court had looked at this particular issue, they found that they'd been looking at the question of whether it was his first offense or whether he previously had a conviction expunged. And here the question isn't about those requirements under Sections 1 and 2, Sections A, 1, and 2 of the Federal First Offender Act, it's under the sentencing provision of the Federal First Offender Act, the requirements regarding probation and successfully completing probation. But because the petitioner's conviction could not have received treatment under the Federal First Offender Act, the court should have a petition for him. Okay. Thank you. I have two responses. The first is that in terms of the length of the sentence, the length of probation, this is a misunderstanding of this court's holding in Lujan and Garberding. In those cases, the petitioners were sentenced to a term longer than one year probation. What does that have to do with the issue of whether or not he violated his probation? I'm addressing the OILS allegation that he doesn't qualify because it was more than one year. If we don't even need to get into the timing issue, though, that doesn't really matter here, does it? Right. Well, and then going back to the requirements to have a statute to qualify for the Federal First Offender Act, it has to be the first offense related to controlled substance, successful completion of the term of probation or diversion, and never previously accorded the first offender treatment. The petitioner's case was never previously accorded first offender treatment. It was a first-time offense. And I believe all the other cases out of this jurisdiction deal with multiple drug offenses and multiple violations of probation. And in this case, it's one single offense, and he successfully completed probation. Yeah, well, the problem is whether or not this statute applies. Our problem is, I mean, this is like so many of these cases. This is a very sad case. This guy's got three U.S. children, and there's no question that he comes that close. The problem is we're not the Congress. Congress wrote this law, and the Congress said that they can't violate the probation. He did that, did he not? But, again, I'll repeat, I maintain he was not on probation at the time. In the transcript, it says that he did not fully understand what was required of him. And who said that? Who said that? It's in the transcript. That's what he said. But, I mean, what does the colloquy say in terms of the sentence itself, when the judge spoke to him and told him what to do or whether he signed his form? Did he agree that he was going to attend the class? As far as I know, it's very informal. I don't know what that was. So you're saying there is no record, written or oral, in which we know exactly what the judge said to him as far as the class. I'm sure there is. I don't have that. Well, that's an important part of your burden of proof, is it not? Well, I know that the statute under which he was sentenced just defers the entry of the guilty plea. I guess my question, counsel, is that you're arguing that the federal statute doesn't apply here because, in effect, he wasn't on probation. And so I'm asking you information that would buttress that. And what you're telling me is we don't have a record that we can look to so we can substantiate your position. But we can look to the section under which he got the deferred entry. And it's deferred entry of judgment. And you can see by the date that the conviction was entered, it wasn't in 1995 that he was arrested, but in 2001. But it's deferred subject to conditions. And what we don't have in the record is the colloquy or the court order or whatever it was that told Mr. Gonzalez-Alvarez what he was supposed to do in order to achieve successful completion of the diversion. But we do know that he didn't go to school. Okay. Well, we will review the record carefully. And your time has expired. Thank you. Thank you, counsel, for the argument. The case just argued is submitted for decision. We'll hear the next case for argument, which is Gavia Magdaleno v. Holder.
judges: Schroeder, Tallman, Smith M.